# STATE v. INTERNATIONAL LUMBER COMPANY.[1]

December 17, 1920.

No. 21,969.

**Assessment of personal property—finding supported by evidence.**

The finding of the trial court as to the actual value of personal property assessed for taxation, was sustained by evidence. [Reporter.]

In the matter of proceedings for enforcement of personal property taxes for the year 1918 in Koochiching county, defendant filed its answer, claiming that the assessment was excessive; that it was made under demonstrable mistake of fact amounting to fraud and for an abatement of the same. The testimony was taken before a referee who reported the evidence and the matter was argued before McClenahan, J., who made findings and ordered judgment in favor of plaintiff for $28,966.11. Defendant's motion for amended findings of fact and conclusions of law, was denied. From an order denying its motion for a new trial, defendant appealed. Affirmed.

*Harris Richardson*, for appellant.

*Franz Jevne, Frank Palmer* and *A. L. Thwing*, for respondent.

PER CURIAM.

This case is a companion to State v. Minnesota & Ontario Paper Co. supra, page 369, 180 N. W. 548, the appellants in the two cases being allied com-

[1] Reported in 180 N. W. 551.

panies at International Falls. The two cases were argued and submitted together.

The appellant in this case attacks the 1918 assessment of its pulpwood, logs, ties, lumber and lath on the ground that the assessor placed an excessive valuation upon them. The property was listed for taxation by appellant's comptroller, McLaren, under circumstances similar to those in the companion case. Its assessed value as determined by the assessor is given below in the first column of figures, and as revised by the tax commission in the second column:

| | | |
|---|---|---|
| Pulpwood .................... | $130,950 | $130,950 |
| Lumber and lath ............ | 900,000 | 700,000 |
| Logs, posts, poles and ties .. | 141,000 | 112,800 |

Including other personal property not here involved, the total value as finally determined was $964,150. As listed by McLaren such value was $953,-250. As claimed by appellant, it should have been $675,850. The trial court found that on May 1, 1918, the property was of the true and full value of $964,150. In all other material respects the findings and conclusions were the same as in State v. Minnesota & Ontario Paper Co. and the same questions are discussed in the briefs. For the same reasons as are stated in the opinion in that case, we have concluded that the only question in the instant case is whether the finding of value is supported by the evidence.

As in the other case, there was testimony that pulpwood and logs deteriorate, owing to the boring of worms and natural decay; that deterioration is progressive, running from 15 to 20 per cent the first season up to 35 to 50 per cent in the third season, if timber is carried through three seasons as was the case with appellant's logs and pulpwood. With respect to the lumber, there was testimony that it was wormy, short, narrow, cut from windfalls and other low grade timber including much tamarack, poplar and jack pine, and that there was a large proportion of "barkies" or slab lumber; that the value of lumber and lath did not exceed $520,000 and the value of the pulpwood was not over $87,300. Appellant contends that little weight should be given to the valuations shown in the list McLaren returned to the assessor. It is said of him that he was merely an accountant, presumably without practical knowledge of the characteristics or value of the property he listed. It is argued that while he correctly stated the quantity of the several items, he disregarded the inferior quality of the lumber and failed to take into account the natural deterioration of the logs, ties and pulpwood. The assessment is sharply criticised because the assessor arbitrarily raised McLaren's valuation of the lumber, logs and ties and the tax commission did not sustain the increase, but materially reduced the valuation of these two items of property, the inference being that the assessment was made arbitrarily.

We have attentively read and considered the evidence produced by appellant in support of its several contentions, and conclude that it cannot be held that the court's finding of values is without sufficient support in the evidence. We enter into no discussion of the law of the case, for the reason that it is covered by what was said in State v. Minnesota & Ontario Paper Co.

The order appealed from is affirmed.